UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-mj-360-HB

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    **ORDER**

BRANDEN MICHAEL WOLFE,

Defendant.

This matter came before the Court on June 11, 2020, for a preliminary examination hearing and hearing on the Government's Motion for Detention. At the hearing, Mr. Wolfe was present and represented by Douglas Olson from the Office of the Federal Defender. The Government was represented by Harry M. Jacobs, Assistant United States Attorney.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.      On June 8, 2020, Mr. Wolfe was charged by complaint with aiding and abetting arson in violation of 18 U.S.C. §§ 844(i) and 2.

2.      Mr. Wolfe is facing charges that may create a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3)(B). However, even if Mr. Wolfe were subject to a rebuttable presumption in favor of Detention, the Court has determined that Mr. Wolfe has rebutted the presumption in favor of detention.

3.     Because Mr. Wolfe has rebutted the presumption in favor of detention, the burden is on the Government to show by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if he is released, or by a preponderance of the evidence that releasing him will create a risk of his nonappearance. *See* 18 U.S.C. § 3142(f).

4.     During the hearing, the Court heard testimony from ATF Special Agent Nathan Boyer, reviewed the Criminal Complaint and affidavit in support and the pretrial services bond report, and heard arguments from counsel. The Government argued that there is no condition or combination of conditions that will assure the safety of the community or Mr. Wolfe's continued appearance. The Government's argument was based primarily on Mr. Wolfe's conduct relating to the alleged charges, his lack of substantive ties to the community, and criminal history as set forth in the bond report.

5.     Based on the record before the Court, including testimony presented at the hearing, the pretrial services report, and the arguments of counsel, the Court finds that the Government has met its burden to show, by a preponderance of the evidence, that there is a genuine risk of nonappearance should the Court release Mr. Wolfe pending future court appearances, and that no condition or combination of conditions of release would reasonably mitigate that risk.

6.     Specifically, Mr. Wolfe has limited familial connections in the District of Minnesota, no current stable employment nor a history of stable employment, and a history of lacking a stable residence for an extended period. Mr. Wolfe has a history of mental health issues that remain unaddressed. Mr. Wolfe has a history of not making good decisions, including failing to abide by conditions of his criminal supervision (which was active at the time he allegedly committed the present offense). He has a demonstrated record of failure to appear for prior criminal proceedings. Finally, there is strong evidence that Mr. Wolfe was involved in the alleged conduct in the criminal complaint, and if convicted, he faces significant consequences, providing strong motivation to flee.

7.     The Court notes that it has not determined that, by clear and convincing evidence, no condition or combination of conditions will assure the safety of the community if Mr. Wolfe were released.

8.     Based on the foregoing, the Court concludes, pursuant to 18 U.S.C. § 3142(e), that detention is appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

1.     Pursuant to 18 U.S.C. § 3142(e), the Government's Motion for Detention without bond is GRANTED;

3.     Mr. Wolfe is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4.    Mr. Wolfe shall be afforded reasonable opportunity to consult privately with his lawyer; and

5.    Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Wolfe is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.


Dated:  June 12, 2020

The Honorable Hildy Bowbeer
United States Magistrate Judge